IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   21-CR-6022CJS

RUBEN BULLOCK,

      Defendant.

## PLEA AGREEMENT

The defendant, RUBEN BULLOCK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information, which charges a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute, and distribute, of 500 grams or more of cocaine), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of life imprisonment, a fine of $8,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 8 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant will also admit the First Forfeiture Allegation of the Information which alleges that $16,554 in United States currency and two cellular telephones are subject

to forfeiture to the United States pursuant to Title 18, United States Code, Sections 853(a)(1) and 853(a)(2).

3. The defendant will also admit the Second Forfeiture Allegation of the Information which alleges that 32 rounds of .38 caliber ammunition are subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 924(d) and 3665 and Title 28, United States Code, Section 2461(c).

4. The defendant understands that, prior to the entry of the guilty plea, the government will file an information pursuant to Title 21, United States Code, Section 851 alleging the defendant's prior serious drug felony conviction as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(B). The defendant admits that the defendant has a prior serious drug felony conviction from on or about October 30, 2006, for possession with intent to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Case Number 05-CR-6031CJS), in United States District Court for the Western District of New York, for which the statutory maximum term of imprisonment was at least 10 years, for which the defendant served more than 12 months imprisonment, and the defendant's release from any term of imprisonment was within 15 years of the commencement of the offense charged in the Information, which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(B).

5. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

6. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that the defendant possessed a controlled substance;

Second, that the defendant knew that he possessed a controlled substance;

Third, that the defendant intended to distribute that controlled substance to another person; and

Fourth, that the offense involved at least 500 grams of a mixture and substance containing cocaine.

## FACTUAL BASIS

7. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about January 21, 2021, U.S. Probation Officers conducted various probation searches at residences used by the defendant, RUBEN BULLOCK. The defendant is currently on supervised release from a federal drug conviction more fully detailed in paragraph 3 above.

   b. One of the residences searched was 154 Saranac Street in Rochester, New York. On January 21, 2021, at approximately 7:25 a.m., officers observed the defendant walk out of the location. Shortly thereafter, the defendant walked back into the location. At approximately 7:30 a.m., the defendant again walked out of the location and walked to his vehicle

with a bag. At his vehicle, officers approached the defendant and detained him.

c. Officers then searched the residence at 154 Saranac Street in Rochester, New York. There they found approximately 750 grams of cocaine located in plastic bags in a blue backpack in the basement of the residence. The blue backpack was further concealed inside a large TV box. Also located in the blue backpack were numerous items used in the distribution of controlled substances including numerous plastic bags, two scales, and a bag containing baking soda. Officers also found $8,000 in cash and a quantity of marijuana in the residence.

d. Officers searched the defendant and found another $8,554 in cash on his person.

e. The defendant was advised of his *Miranda* rights and acknowledged that he understood them and agreed to waive his rights speak with the officers. The defendant stated that he had purchased a kilogram of cocaine the day before for $45,000 from a subject in Rochester, New York. The defendant estimated he had approximately 780 grams left of cocaine inside his residence on Saranac Street. The defendant also advised he had marijuana inside the residence along with $15,000 in United States Currency.

f. Officers also searched a residence at 688 Pullman Avenue, Apartment A, Rochester, New York. At this location, officers found a small lunch bag that contained a small plastic bag containing 31 grams of a white powder believed to be cocaine. Officers also found 32 rounds of .38 caliber ammunition.

g. The defendant possessed and intended to distribute the quantities of cocaine and marijuana recovered from 154 Saranac Street and 688 Pullman Avenue (Apartment A) on January 21, 2021.

h. For purposes of this plea agreement only, at least 500 grams but less than 2 kilograms of cocaine is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government at trial or at a sentencing hearing. This includes the conversion of $16,554 in United States

Currency seized from the defendant's person and his residence at 154 Saranac Street to quantities of cocaine.

### III.  SENTENCING GUIDELINES

8. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offense of conviction and provide for a base offense level of 24.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristics applies:

   a. the two (2) level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining a premises for purpose of manufacturing or distributing a controlled substance).

### ADJUSTED OFFENSE LEVEL

11. It is the understanding of the government and the defendant that the defendant's adjusted offense level is 26.

### ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance

of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 23.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of 23 and criminal history category of III, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **120 months, a fine of $20,000 to $8,000,000, and a period of supervised release of 8 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose **a term of imprisonment of 120 months**, as part of the appropriate sentence in this case, and that such sentence be imposed to run concurrently with any sentence

imposed against the defendant for the violation of supervised release in Case Number 05-CR-6031CJS, presently pending before the Court. If, after reviewing the Pre-Sentence Investigation Report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

16. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17. The defendant understands that, except as set forth in ¶ 15, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

18. As a condition of this plea agreement, and to fully effect all of its terms and conditions, the defendant agrees to plead guilty to the violation of supervised release pending under case number 05-CR-6031CJS in the United States District Court for the Western District of New York.

### IV. STATUTE OF LIMITATIONS

19. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. REMOVAL

20. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### VI. GOVERNMENT RIGHTS AND RESERVATIONS

21. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant

  concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or the method of payment; and

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.  At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 21-MJ-4024.

23.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### VII.  APPEAL RIGHTS

24.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's

sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

27. As a condition of the guilty plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Section 853, which was or is in the possession and control of the defendant or the defendant's nominees. That property includes:

**CURRENCY:**

a. The sum of $16,554 United States currency, which was seized by law enforcement on January 21, 2021, from the defendant's person and from 154 Saranac Street, Rochester, New York.

**CELLULAR PHONES:**

a. one (1) IPhone XR, Model MRYU2LL/A, IMEI 356436108484177; and

b. one (1) IPhone, Model NWGJ2LL/A, IMEI 352844110602781.

Both cell phones were seized by law enforcement on January 21, 2021, from the defendant's person.

28. The defendant also agrees that the currency listed above is properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853. The defendant agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government. In addition, the defendant agrees not to contest the forfeiture of the property referred to above in any ancillary proceeding and will not file any petitions or claims with regard to the aforementioned property and will not assist any third parties in the filing of any petitions or claims in any ancillary proceeding.

**AMMUNITION FORFEITURE**

29. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm described below and agrees to immediately criminally

forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes:

    a.    32 rounds of .38 caliber ammunition seized by law enforcement on January 21, 2021 from 688 Pullman Avenue, Apartment A, Rochester, New York.

30. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of any property under this agreement shall not be treated

as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

31. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

32. The defendant agrees that the above-described property is subject to forfeiture and waives all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced property.

33. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

34. This plea agreement represents the total agreement between the defendant, RUBEN BULLOCK, and the government. There are no promises made by anyone other than

those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
EVERARDO A. RODRIGUEZ
Assistant U.S. Attorney

Dated: February 27, 2021

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, JAMES NAPIER, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
RUBEN BULLOCK
Defendant

Dated: February 26, 2021

_____
JAMES NAPIER, ESQ.
Attorney for the Defendant

Dated: February 26, 2021